MONROE COUNTY TAXPAYERS ASSOCIATION, et al
v. FLORIDA KEYS AQUEDUCT COMMISSION, et al.
No. 15-830.

Circuit Court, Monroe County.
August 19, 1959.

John J. Quinn, Key West, for plaintiffs.

Ralph E. Cunningham, Marathon, and William R. Neblett, Key West, for defendants.

AQUILINO LOPEZ, Jr., Circuit Judge.

This cause came on to be heard on the plaintiffs' amended complaint, defendants' motion to dismiss and answer, the testimony taken before the court, and the arguments of counsel. The court finds —

The Monroe County Taxpayers Association and Melvin L. Levitt filed the amended complaint — the court has heretofore held in this cause and still holds that the association is neither a taxpayer, landowner or water user, and is therefore not entitled to file this suit, but that Levitt is a bona fide citizen, resident, taxpayer and landowner of this county and state, and as such may bring this suit for a declaratory decree.

The defendant LeRoy Collins is the Governor of this state — the court has heretofore held in this cause and still holds that he is not a proper party to this suit.

The defendant Florida Keys Aqueduct Commission, hereinafter referred to as "the commission," is a body corporate and politic in this state, created by chapter 21230, Special Acts of Florida 1941, as amended by chapter 26039, Special Acts of Florida 1949; chapter 27757, Special Acts of Florida 1951; chapter 29297, Special Acts of Florida 1953; chapter 31010, Special Acts of Florida 1955; chapter 31011, Special Acts of Florida 1955; and chapter 57-1589, Special Acts of Florida 1957.

The defendants William Arnold, Ray Schoneck, Joe Sirugo, Merville E. Rosam and William A. Parrish are members of and constitute the board of commissioners of the commission, having been appointed by the Governor.

The plaintiffs seek a declaratory decree with respect to the constitutionality of the Special Laws listed above, with respect to the terms and provisions thereof, and with respect to the power, right, authority or privilege of the commissioners to exercise the rights, powers and authority of commissioners. They also ask the court to enjoin the commissioners from exercising the rights, powers, privileges and authority of commissioners, and for the appointment of a receiver.

The Supreme Court in State of Florida v. Florida Keys Aqueduct Commission, 148 Fla. 485, 4 So. 2d 662, has already determined that chapter 21230, Special Acts of Florida 1949, is constitutional.

This court finds that the Acts listed above are constitutional. This court so held when on March 28, 1958 it authorized issuance of $3,800,000 revenue bonds by the commission, the order recorded in chancery order book A-26, pages 194-203, from which no appeal was taken.

Plaintiffs allege that the commission is spending large sums of public funds for attorneys, engineers, managers, accountants and other personnel, and for equipment, material and supplies. They further allege that it is charging high rates for its water and other services, spending large sums of public money for the payment of interest on its bonds, and is now spending and has spent large sums of public money for the construction of branch water lines on to private property, to wit, Sombrero Beach Development and Duck Key, without any charge or cost therefor to the owners of the property.

The plaintiffs proffered no testimony or proof other than the testimony of Ernest A. Ramsey, the manager of the commission. Ramsey's uncontradicted testimony showed that the commission built private lines in and to the developments, but that the owners

thereof on presentation of bills paid for the cost thereof, that consequently no public monies were used.

Ramsey's uncontradicted testimony further showed that all of the pumping facilities were built on land owned by some branch of the state, and that the commission has a perpetual easement in and to all of the sites, and in the event a new pipeline is built by the commission the pumping stations may be connected thereto without interference with or obligation to the Navy Department.

The plaintiff Levitt did not proffer any testimony, nor was he present at the hearing. Plaintiffs have wholly failed to submit any proof as to high water charges or the misspending of any monies by the defendant commissioners.

It is accordingly ordered, adjudged and decreed — (1) that the Special Acts of Florida hereinabove listed are hereby declared to be constitutional, and that the defendants William Arnold, Ray Schoneck, Joe Sirugo, Merville E. Rosam and William A. Parrish are the duly appointed, qualified and acting commissioners of the Florida Keys Aqueduct Commission, and are empowered to exercise the rights, privileges and powers of commissioners of the Florida Keys Aqueduct Commission; (2) that the remainder of the prayer contained in the amended complaint is denied; and (3) that the costs herein are taxed against the plaintiffs.